# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**MICHAEL VALOIS,**                                                                 **PLAINTIFF**

**V.**                        **NO: 2:06CV22-WAP-EMB**

**CORRECTIONS CORPORATION**
**OF AMERICA & ROBERT PARKER (Warden),**        **DEFENDANTS**

## REPORT AND RECOMMENDATION

On August 16, 2006, the *pro se* plaintiff, Michael Valois, appeared before the undersigned United States Magistrate Judge for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983. An *in forma pauperis* complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

At all relevant times, plaintiff was an inmate of the state of Hawaii being held under contract by Corrections Corporation of America ("CCA") at the Tallahatchie County Correctional Facility ("TCCF") in Tutwiler, Mississippi. Plaintiff has sued Warden Robert Parker and CCA, for alleged violations of the First and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U. S. C. § 2000cc *et seq*.

Plaintiff is a practitioner of the Asatru (Norse Heathenism) religion. He characterizes it as a "pre-Christian religion of the Norse & Germanic peoples." Complaint at p. 4. His "registered group" is called "Troth Seax." *Id*. Plaintiff complains that he has been denied the

right to have services or meetings like other religious groups. *Id*. He contends that it is "disrespectful" to his religion to have to worship in his small cell next to a toilet and that his "spirit" is in danger of a bad "after life" and/or "next incarnation." Complaint at p. 5. Plaintiff seeks injunctive relief in the form of an order requiring defendants to allow his religious group to meet like other groups. Plaintiff further seeks damages in the amount of $100.00 for "mental, stress, suffering, & anguish." Complaint at p. 5.

At the *Spears* hearing, plaintiff testified that for several Blots (pronounced 'bloats'), or rites, more than one person is needed to perform the ceremony properly. He further testified that since the filing of the Complaint, time has been allotted each Tuesday from 6:00 p.m. to 7:30 p.m. for Asatru practitioners to meet in "the conference area."

Counsel for defendants was granted permission to attend the *Spears* hearing. The undersigned ordered defendants to respond to the Complaint and advise the Court regarding the current schedule for religious services at TCCF. Defendants responded with the Affidavits of Joseph Watson, Chaplain for TCCF, and Warden Parker. *See* Affidavits of Joseph Watson and Robert Parker and Exhibits attached to this report and recommendation. Watson testified that he is responsible for scheduling and supervising religious services at TCCF. Watson further testified that the Asatrus indeed have been assigned a worship time on Tuesday nights beginning at 6:00 p.m. in the Conference Room.

Based on the foregoing, I find plaintiff's claim for injunctive relief is moot. As regards plaintiff's claim for damages, I find it should be dismissed. The Prison Litigation Reform Act provides:

2

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e). Because plaintiff has alleged no physical injury, his claim for monetary damages is barred.

Based on the foregoing, it is my recommendation that the Complaint be dismissed with prejudice.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this, the 24th day of August, 2006.

/s/ Eugene M. Bogen
**UNITED STATES MAGISTRATE JUDGE**